```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
GREGORY CARBAJAL CASAS,                                     :       **MEMORANDUM DECISION**
                                                            :       **AND ORDER**
                                        Plaintiff,          :
                                                            :       21-cv-00927 (BMC)
                - against -                                 :
                                                            :
RUDOLPH BREWER, JR., and VIRGINIA                           :
TRANSPORTATION CORP.,                                       :
                                                            :
                                        Defendants.         :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

  Defendants, citizens of Rhode Island and Virginia, respectively, have removed this traffic accident case from the New York Supreme Court based on diversity of citizenship, as plaintiff is a New York citizen, and defendants assert that there is more than $75,000 in controversy. By an Order to Show Cause, I *sua sponte* raised the issue of whether their assertion of the amount in controversy is sufficient to support removal. See Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006). I find that it is not, and accordingly remand this action to state court.

  The complaint does not state an amount in controversy. There is nothing surprising about that, as C.P.L.R. § 3017(c) prohibits the assertion of a monetary demand in a personal injury case. Defendants therefore infer from other allegations in the complaint and from plaintiff's conduct that plaintiff is actually seeking recovery beyond the jurisdictional threshold. Specifically, defendants rely on an allegation in the complaint that plaintiff sustained a "serious injury." They also rely on the allegation that plaintiff's claim "exceeds the jurisdictional limits of all lower courts."

Neither of these allegations has anything to do with the federal jurisdictional threshold. The allegation of a "serious injury" refers to a term of art under the New York Insurance Law "No Fault" provisions that allows a claimant to escape the prohibition against litigation. See N.Y. Ins. L. § 5104(a). There is no reason one cannot have a "serious injury" as defined in the Insurance Law and still seek less than $75,000 in damages. Similarly, the allegation of the damages "exceed[ing] the jurisdictional limit of all lower courts," is required under C.P.L.R. § 325 to deter removal from the Supreme Courts to the lower County Courts or the New York City Civil Court, which have a jurisdictional limit of $25,000, or the Long Island District Courts, which have a jurisdictional limit of $15,000, or the various Town and Village Courts, which have a jurisdictional limit of $3000. Thus, plaintiff's allegations get him into Supreme Court, but have no bearing on forcing him into federal court.

Defendants also rely on plaintiff's conduct. They have asked plaintiff to stipulate that damages are in excess of $75,000. Plaintiff has not responded. However, I cannot interpret silence as agreement. In addition, defendants assert that plaintiff's filling of a notice of appearance is the equivalent of an acknowledgement that more than $75,000 is in controversy. However, a notice of appearance does nothing in federal court except ensure that the party appearing will receive notice of future filings. It is not a substitute for a damage demand.

This frequently-used practice of prematurely removing personal injury cases to federal court stems from two factors. The first, noted above, is the prohibition on alleging an amount in controversy under C.P.L.R. § 3017(c). The New York Legislature undoubtedly had policy reasons for that prohibition, but it does raise ambiguity as to the removability of cases to federal court. The second factor is the fear among defense counsel that if they allow 30-days from

receipt of service of the summons and complaint to pass, they will have waived their right to removal.

However, the combination of another part of C.P.L.R. § 3017(c) and the Second Circuit's decision in Moltner v. Starbucks Coffee Co., 624 F.3d 34 (2d Cir. 2010), takes care of these issues. The Second Circuit has made it clear that a defendant's 30-day period to remove does not begin to run until it receives actual notice, not implied notice, of the amount in controversy. Starbucks, 624 F.3d at 38 ("[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."). In addition, C.P.L.R. § 3017(c), although prohibiting a specific monetary demand in a complaint, allows a defendant at any time to require a plaintiff to state the dollar amount of his demand, and plaintiff must do so within 15 days. Since the removal statute allows a full year to remove in diversity cases, 28 U.S.C. § 1446(c)(1), there is no difficulty in ascertaining removability with certainty. In the absence of a demand in the complaint, Starbuck's gives a personal injury defendant the key to start its own removal period, and C.P.L.R. § 3017(c) gives that defendant the information necessary to determine whether the case is removable.

I recognize that the district court decisions within the Second Circuit are split on this issue, and defendants have cited me to some of them that rely on the "serious injury" and "in excess of the jurisdiction of the lower court" language to sustain removal. Compare Vaghela-Omanoff v. Ryder Truck Rental, Inc., No. 19-CV-4390, 2019 WL 2193820 (S.D.N.Y. May 21, 2019) (remanding action) with Nickel v. Nike, Inc., No. 11 CIV. 4495, 2011 WL 4343852, at *3 (S.D.N.Y. Aug. 18, 2011) (declining motion to remand). For the reasons set forth above, I respectfully disagree with the cases that allow removal in these circumstances.

This case is therefore remanded to the Supreme Court of the State of New York, County of Kings, case number 501946/2021.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       March 1, 2021